**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRENY ARIEL FLORES TORRES,** | **)** |
| | **)** |
| **Petitioner,** | **)** |
| | **)** |
| **v.** | **)**     **Case No. CIV-26-260-G** |
| | **)** |
| **SCARLET GRANT, Warden, et al.,** | **)** |
| | **)** |
| **Respondents.** | **)** |

## ORDER

Before the Court is Petitioner's Notice of Withdrawal of Request for Dismissal ("Motion"). Doc. 15. For the reasons stated below, Petitioner's request to withdraw the pending request for dismissal is **GRANTED**. As to Petitioner's counsel's request that he is removed as attorney of record, the request is **DENIED** without prejudice to re-filing and may be re-filed depending on counsel's response to this Order.

## I.    Background

On February 12, 2026, Petitioner filed, through counsel, a Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. On February 17, 2026, the Court issued a text-only Order reminding counsel for Petitioner that if he is not admitted to the District Court for the Western District of Oklahoma, he must file an application to be admitted pro hac vice. Doc. 4. On February 19, 2026, Petitioner's counsel filed a Motion for Leave to Appear Pro Hac Vice. Doc. 6. On February 24, 2026, the Court granted the Motion for Leave to Appear Pro Hac Vice and ordered Petitioner's counsel to (1) file an entry of appearance consistent with Local Civil Rule 83.4 and (2) comply with or seek waiver of Local Civil

Rule 83.3 not later than February 27, 2026.  Doc. 8.  Simultaneously, the Court ordered

Respondents to respond to the Petition.  Doc. 9.  On March 3, 2026, Respondents filed their

Response.  Doc. 11.[1]

On March 5, 2026, after failing to timely file an entry of appearance or comply with

or seek waiver of Local Civil Rules 83.3 and 83.4, the Court provided Petitioner's counsel

a courtesy reminder to comply with Doc. 8.  On March 6, 2026, the Court ordered

Petitioner's counsel either to comply with Local Civil Rules 83.3 and 83.4 or to show cause

for his failure to comply not later than March 9, 2026.  Doc. 12.  On March 8, 2026,

Petitioner's counsel filed an entry of appearance.  Doc. 13.  On March 9, 2026, Petitioner

filed an Unopposed Request for Voluntary Dismissal, stating "due to issues with rule 83.3,

counsel was unable to find local counsel to meet the rule requirement."  Doc. 14.

Accordingly, Petitioner "request[ed] dismissal without prejudice for the pending habeas."

*Id.*

## II.     **Petitioner's Unopposed Request for Voluntary Dismissal, Doc. 14, is Withdrawn**

On March 15, 2026, Petitioner filed the Motion seeking to "withdraw[] the pending

request for dismissal."  Doc. 15.  The Court concludes allowing Petitioner to withdraw his

request for dismissal will not prejudice Respondents because Respondents have already

filed their Response and such a withdrawal will not impose any additional burden on

Respondents.  On the other hand, Petitioner will be highly prejudiced if he is not allowed

---

[1] Petitioner's Reply, if he chose to file one, was due by March 6, 2026.  *See* Doc. 9. Petitioner did not file a Reply.

to withdraw the request for voluntary dismissal.  First, Petitioner is currently detained, and any action requiring him to re-file and start his habeas litigation again from the beginning could prolong his detention.  Second, dismissal due to Petitioner's counsel's failure to comply with the Local Rules would be highly prejudicial to Petitioner.

Accordingly, Petitioner's Motion to withdraw his Unopposed Request for Voluntary Dismissal, Doc. 14, is **GRANTED**.  The Unopposed Request for Voluntary Dismissal is **WITHDRAWN**.

### III.     Petitioner's Counsel's Request to be Removed as Attorney of Record

In addition, in the Motion Petitioner's counsel "requests he is removed as attorney of record, since he unfortunately cannot comply with the local rule 83.3 despite efforts to find local counsel, so that Petitioner may pursue his pending habeas petition pro se."  Doc. 15.  Local Civil Rule 83.5 allows the attorney of record to withdraw from a case "by leave of the judge to whom the case is assigned" and "upon reasonable notice to the client." LCvR83.5.  "Withdrawal of counsel may be granted subject to the conditions stated by the court."  *Id.*

Here, Petitioner's counsel has not alleged he provided reasonable notice to his client before seeking to withdraw from the case.  Further, Petitioner's counsel has failed, in his numerous communications with the Court, to allege he has sought waiver of the requirement to associate with local counsel pursuant to Local Civil Rule 83.3(c) or to explain why he is unable to seek such waiver.

Accordingly, Petitioner's counsel's request to withdraw from the case is **DENIED**. Counsel is **ORDERED** not later than March 23, 2026, either to (1) seek waiver of the

3

association with local counsel requirement pursuant to LCvR83.3(c) or (2) to file a renewed motion seeking to withdraw from the case in which he explains why he is unable to seek waiver of LCvR83.3 and attests he has provided reasonable notice to his client.

## IV.   Conclusion

Accordingly, Petitioner's Motion, Doc. 15, is **GRANTED in part** and **DENIED in part**.   The Unopposed Request for Voluntary Dismissal, Doc. 14, is **WITHDRAWN**. Further, Petitioner's counsel must either (1) seek waiver of Local Civil Rule 83.3 or (2) file a renewed motion to withdraw **not later than March 23, 2026**.

**IT IS SO ORDERED** this 18th day of March, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

4